**Affirmed as Modified and Opinion filed June 11, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00674-CR

---

**SILVESTRE CORTEZ ROMERO, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

---

**On Appeal from the 185th District Court**
**Harris County**
**Trial Court Cause No. 552984**

---

## O P I N I O N

Appellant Silvestre Cortez Romero was convicted of murder and sentenced to twenty years in the Institutional Division of the Texas Department of Criminal Justice. The appellant challenges his conviction, asserting that the evidence was insufficient to support the verdict, and challenging the trial court's assessment of a particular amount of court costs. We modify the trial court's judgment to delete

the specific amount of costs, and affirm the judgment as modified.

## I

On January 17, 1990, Nivar Romero, the complainant, along with his wife and two children, his brother Mario Romero Aguirre, and his father, Mario Romero Maldonado, were driving to Aguirre's home to visit with other members of their family. They were preparing to depart when two brothers, Enrique and Bolivar Perez, approached the car from both sides. The complainant, who was in the driver's seat, tried to exit the car. But before he could open the door, the appellant walked up from an unseen location and fatally shot the complainant in the head. The appellant and the Perez brothers then fled.

On the night of the killing, Maldonado spoke to the police and identified the appellant by name as the shooter. The appellant was not arrested until 2011. When Maldonado was asked to identify the appellant in court twenty years after the murder, he was unable to do so.

Aguirre testified that he had known the appellant since childhood. Aguirre explained that on the night his brother was killed they were driving Enrique's car because the complainant's truck was too small. Enrique had permitted Aguirre's aunt to hold the car as collateral for a debt, and Aguirre's aunt lent the car to Aguirre. When Enrique and Bolivar saw Aguirre and Maldonado in Enrique's car, they ran toward the car and began beating on the windows. While they were yelling and beating on the windows, the appellant shot and killed the complainant. At the time of the police investigation in 1990, Aguirre identified the appellant by name as the man who killed his brother.

When the appellant was apprehended, he was living in California under a different name. The appellant was brought to trial in Harris County, and

2

Maldonado and Aguirre both testified. The jury found the appellant guilty of murder and sentenced him to confinement for twenty years.

II

In his first issue, the appellant contends the evidence is insufficient to support a finding that he was the person who shot the complainant. When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences. *Id.*

An individual commits murder if he intentionally or knowingly causes the death of another person or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of another. Tex. Penal Code § 19.02(b)(1). In this case, the appellant challenges the sufficiency of the evidence to support his identity. Specifically, the appellant argues that Maldonado and Aguirre were not credible eyewitnesses.

The appellant contends that Maldonado's testimony was not credible because, at the time of trial, twenty years after the offense, Maldonado could not remember certain details about the incident, such as the time the shooting occurred, his son's age at the time he died, or the ages of his grandchildren at the time of the murder. The appellant further questions Maldonado's credibility because he was

3

unable to identify the appellant in the courtroom. In addition, the appellant contends Aguirre's testimony was not credible because, as he was distracted by the Perez brothers beating on the car, he saw the shooter for only an instant. The appellant further argues that the police investigation was "hardly thorough."

The testimony of a single eyewitness can be enough to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). The jury alone decides whether to believe eyewitness testimony, and the jury resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Likewise, the jury weighs the evidence, and it may find guilt without physical evidence linking the accused to the crime. *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Inconsistencies in witness testimony do not render the evidence insufficient. *See Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The appellant contends that he is the victim of mistaken eyewitness identification, and the testimony of Maldonado and Aguirre failed to satisfy "the factors provided in *Perry* to evaluate a witness's ability to make an accurate identification." In *Perry v. New Hampshire*, ___ U.S. ___, 132 S.Ct. 716 (2012), the United States Supreme Court declined to require trial courts to screen eyewitness testimony before allowing it at trial in cases in which the police did not use suggestive circumstances to influence the testimony. *See* 132 S.Ct. at 720–21. The Court held that when no improper law-enforcement activity is involved, reliability is sufficiently tested "through the rights and opportunities generally designed for that purpose, notably, the presence of counsel at postindictment lineups, vigorous cross-examination, protective rules of evidence, and jury instructions on both the fallibility of eyewitness identification and the requirement

that guilt be proved beyond a reasonable doubt." *Id.* at 721. Despite the appellant's suggestion to the contrary, we do not find in *Perry* a set of factors the trial court must employ to determine the reliability of eyewitness testimony. Instead, the *Perry* Court underscored the role of the jury in making credibility determinations, just as Texas courts have done. *See id.*; *see also, e.g., Davis*, 177 S.W.3d at 359 (recognizing the jury's role in evaluating credibility).

Having reviewed all of the evidence in the light most favorable to the verdict, we find that a rational juror could have found the elements of the offense of murder beyond a reasonable doubt. The appellant's first issue is overruled.

III

In his second issue, the appellant contends that there is insufficient evidence in the record to support the trial court's order that he pay a particular amount in court costs. In its judgment, the trial court taxed the appellant $243.50 in costs. The original clerk's record filed with this court did not contain a bill of costs. A supplemental clerk's record was filed containing a computer screen printout from the Harris County Justice Information Management System (JIMS). It shows court costs in the appellant's case amounting to $1,761.75.

In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. The court further held that a computer-screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at 515, n. 1.

In this case, there is no evidence in the record that the computer-screen

5

printout was presented to the trial judge before she included the specific dollar amount in the judgment. Therefore, we cannot consider the computer-screen printout as an appropriate bill of costs in this case. *See Johnson*, 389 S.W.3d at 515, n.1.; *Jelks v. State*, No. 14-12-00509-CR; 2013 WL 638921 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013, pet. filed).

On February 8, 2013, the trial court entered a judgment nunc pro tunc in which it changed the assessment of court costs to $1,761.75. This judgment was made on the court's own motion according to the file. The purpose of a nunc pro tunc order is to correctly reflect in the records of the trial court the judgment it actually made, but which for some reason it did not enter of record at the proper time. *Johnson v. State*, 233 S.W.3d 420, 425 (Tex. App.—Fort Worth 2007, pet. ref'd). Therefore, before a judgment nunc pro tunc may be entered, there must be proof the proposed judgment was actually rendered or pronounced at an earlier time. *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). A judgment nunc pro tunc is improper when it has the effect of making a new or independent order. *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986). The nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order but may not be used to modify or add provisions to an order previously entered. *Id*.

Neither appellant nor the State addressed this nunc pro tunc entry in their briefs. The State noted in its brief that the court could have looked at its own file and calculated court costs that totaled at least $359.00, based on certain facts such as a jury trial and witness subpoenas. The trial court did not err in generally ordering the appellant to pay costs, as such is mandated by the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 42.16. However, the court erred in entering a specific dollar amount without any support in the record for that dollar amount.

6

*See Johnson*, 389 S.W.3d at 516.  Because there was no evidence of $1761.75 in court costs at the time the first judgment was entered, the amount of costs could not be corrected by judgment nunc pro tunc.  *See Johnson*, 233 S.W.3d at 425; *Jackson v. State*, No. 14-12-00758-CR; 2013 WL 1197879 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, pet. filed).

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we modify the trial court's judgment to delete the specific amount of costs.  *See Johnson* 389 S.W.3d at 516. The appellant's second issue is sustained.

* * *

As modified, the judgment is affirmed.


/s/     Jeffrey V. Brown
         Justice


Panel consists of Justices Brown, Christopher, and McCally.

Publish — TEX. R. APP. P. 47.2(b).