**Affirmed and Memorandum Opinion filed January 14, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01012-CR

### KEITH JULIUS JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12-CR-0201**

## M E M O R A N D U M   O P I N I O N

Appellant Keith Julius Jackson appeals his conviction for burglary of a habitation, asserting that the evidence is legally insufficient to prove appellant committed the offense of burglary of a habitation as a principal or a party. We affirm.

### BACKGROUND

League City resident Jean Jenkins testified that she observed a suspicious four-door, black Chevrolet in her neighbor's driveway between 8:30 a.m. and 9:30 a.m. on January 17, 2012. She watched as the car drove toward the back of her

neighbor's house; two men got out of the car, after which the car left the driveway, drove to the cul-de-sac, and waited. The two men who got out of the car entered the house, and, a short time later, came out carrying a pillowcase that appeared to be filled with items from the house. The car drove back to pick up the men; they placed the pillowcase into the backseat and drove away. Jenkins called the police and gave them a description of the men and the car.

Chief of Police Paul Odin responded to a dispatch from the 911 operator about several attempted burglaries in Jenkins's neighborhood. Odin drove through the neighborhood looking down each street until he saw the car matching the description given to 911. He stopped and observed a black male coming out of a house "with gloves on his hands, carrying stuff." As soon as the man saw Odin in his marked patrol vehicle, the man "threw stuff into the car and took off running." Odin also saw the driver of the car and another male inside the gated area of the home. All three men fled, running through several backyards in the neighborhood. Odin pursued the men, called on his radio for a perimeter to be established around the subdivision, and requested lockdown of the neighborhood school. After a systematic search through the neighborhood that lasted approximately two hours, Odin saw appellant crouched down behind the gate of a neighborhood home. Odin told appellant to "get down, to prone out," but appellant refused. With assistance from another officer, Odin arrested appellant and later caught one other suspect.

William Tisdale, the officer who assisted Odin, testified that he found a pair of white socks in appellant's pants pocket when he frisked appellant. Tisdale testified that socks occasionally are used as a substitute for gloves to avoid leaving fingerprints during a burglary.

Officer Eric Richardson of the League City Police Department testified that he processed and inventoried the black Chevrolet. The State introduced several

photographs of the car including a photograph showing a gun found in the car, and one depicting the backseat, which was almost completely covered with pillowcases. The State also introduced photographs of items that were recovered from inside the pillowcases. Those items included several watches, other pieces of jewelry, and women's handbags.

William Hood lives across the street from Jenkins. Hood's home was burglarized on the same day as the other homes in the neighborhood. Hood identified the gold pillowcase that was found in the backseat of the vehicle that Jenkins had seen earlier that day. Hood also identified the items in the pillowcase as items that were stolen from his home. Hood also identified the gun that was found in the vehicle as one that was stolen from his home.

Regina Borel, who also lives in the neighborhood where the burglaries took place, testified that on the day of the burglaries, she saw a black Chevrolet Impala drive the length of her driveway to the back door. An individual got out of the vehicle and walked to her front door. Borel asked, "Can I help you?" and the man answered that he was looking for Jeff. When Borel told him Jeff did not live there, the man ran back to the vehicle and drove away. Borel called 911 because the man's activity was odd. When the vehicle left her driveway, it "sped off to the front of the neighborhood."

Darrell Callaway, the driver of the vehicle, testified on appellant's behalf. Callaway is the only other one of the suspects who was arrested. Callaway, who pleaded guilty to burglary, testified that appellant was a passenger in the backseat of the car but had no involvement in the burglaries. Appellant and the other men picked up Callaway from his house and told him they wanted to "do a drug run." Callaway testified that appellant was asleep in the backseat of the car during most of the time when the burglaries took place.

3

Appellant also introduced the testimony of Damian Aguilera, who is employed in the records department of the Galveston County Sheriff's Office. Aguilera brought with him appellant's personal items that were inventoried when appellant was arrested. There was no extra pair of white socks in appellant's inventory of items taken when he was arrested.

Appellant was convicted of burglary of a habitation and sentenced to twelve years in prison. In two issues, appellant argues the evidence is insufficient to prove he committed the offense of burglary of a habitation as a principal or as a party.

## STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id*.

## ANALYSIS

To hold that evidence is legally sufficient to sustain a conviction for burglary of a habitation, the evidence must demonstrate that: (1) an individual enters a habitation; (2) without the effective consent of the owner; (3) in order to commit or attempt to commit a felony, theft, or assault. Tex. Penal Code § 30.02(a)(3). Direct evidence of entry is not required; that element may be

established by inference, just as inferences may be used to prove the elements of any other offense. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Id.*

Pursuant to sections 7.01 and 7.02 of the Texas Penal Code, an individual may be charged as a party to an offense and held criminally responsible for the conduct of another when that individual acts in concert with another person in committing an offense. Circumstantial evidence alone may be used to prove that a person is a party to an offense. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987); *Gross v. State*, 352 S.W.3d 238, 240 (Tex. App.—Houston [14th Dist.] 2011), *aff'd*, 380 S.W.3d 181 (Tex. Crim. App. 2012).

The jury charge authorized appellant's conviction on two theories of burglary of a habitation; namely, for being the principal or a party to the offense. A person is criminally responsible as a party if, acting with the intent to promote or assist the commission of another's offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex. Penal Code § 7.02(a)(2). An individual may be guilty of burglary of a habitation even though he does not personally enter the burglarized premises if he is acting together with another in the commission of the offense. *Powell v. State*, 194 S.W.3d 503, 506–07 (Tex. Crim. App. 2006). Because the jury could convict appellant under alternative theories, we will uphold the verdict if the evidence is sufficient under either one. *Sorto v. State*, 173 S.W.3d 469, 472 (Tex. Crim. App. 2005).

Appellant argues that "the only evidence connecting Jackson to the offense is his flight, his association with Callaway, and the allegation that he was carrying an extra pair of socks in his pocket." We reject this contention because appellant's conviction is supported by more evidence than flight, association with Callaway,

5

and socks. Odin testified that when he initially saw the black Chevrolet Impala, he saw a man coming out of the house wearing gloves and "carrying stuff." The man walked to the right rear of the vehicle, saw Odin, and "threw stuff into the car and took off running." As Odin drove into the driveway to block the car, he saw appellant just inside the gated area of the house. At that time, all of the men fled.

At trial, the State admitted photographs of the backseat of the Impala. The photographs reflect that the backseat was filled with items from the burglarized houses including the gold pillowcase, its contents, and a handgun stolen from Hood's home. Callaway testified that appellant called him up, drove to Callaway's house to pick him up and that they were going to go do a drug deal. Callaway further testified that appellant rode in the backseat of the Impala during the entire time the burglaries were committed. With regard to the white socks, appellant argues that Detective Tisdale claimed to have found a pair of white socks in appellant's pants pocket, but failed to secure the socks at the time of appellant's arrest.

Appellant did not possess the stolen property at the time of his arrest because he fled. However, it is reasonable for the jury to have inferred that appellant was aware of the items that filled the backseat of the vehicle in which he had been riding for several hours. The failure to inventory the extra pair of white socks is evidence the jury could have considered and weighed in determining Officer Tisdale's credibility and appellant's guilt. The jury could have believed Officer Tisdale's testimony that appellant was carrying an extra pair of white socks in his pants pocket, and that those socks could have been used to obscure appellant's fingerprints during a burglary. Appellant's proximity to the stolen items in the backseat of the car, presence at the back gate of one of the burglarized houses, flight and resistance of arrest, are all factors the jury could have considered in

6

finding that appellant solicited, encouraged, directed, aided, or attempted to aid the other persons in committing the burglaries.

The jury alone decides whether to believe testimony, and the jury resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Likewise, the jury weighs the evidence, and it may find guilt without physical evidence linking the accused to the crime. *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Inconsistencies in witness testimony do not render the evidence insufficient. *Romero v. State*, 406 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2013, pet. stricken).

Viewing all of the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found appellant solicited, encouraged, directed, aided, or attempted to aid another person to commit burglary. Having found sufficient evidence to support appellant's conviction as a party we need not address his contention that the evidence was insufficient to support conviction as a principal. *See Sorto*, 173 S.W.3d at 472.

We overrule appellant's issues and affirm the trial court's judgment.


/s/  William J. Boyce
    Justice


Panel consists of Justices Boyce, Christopher, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

7