**Affirmed as Modified and Memorandum Opinion filed February 20, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00287-CR

### DENNIS RAY BRASHER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 77th District Court
Limestone County, Texas[1]
Trial Court Cause No. 12931-A**

## M E M O R A N D U M   O P I N I O N

Appellant Dennis Ray Brasher was convicted of assault of a family or household member with a previous conviction for assault of a family member. In

---

[1] This case was transferred to the Fourteenth Court of Appeals from the Tenth Court of Appeals in Waco; we apply transferor court's precedents if there is a conflict. Tex. R. App. P. 41.3. There is no conflict between the Fourteenth Court of Appeals and the Tenth Court of Appeals on the dispositive legal issues in this case.

two issues on appeal, appellant claims (1) the evidence is insufficient to support his conviction, and (2) the judgment incorrectly recites that appellant pleaded guilty to the offense charged. We sustain appellant's second issue. Finding no reversible error in his remaining issue, we modify the judgment to reflect that appellant pleaded not guilty to the offense charged and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

The complainant, JoHanna Thompson, testified that she was in a dating relationship and living with appellant at the time of the offense. On the day of the offense, appellant used money the complainant had earned from the sale of her truck to buy beer. Their argument over the use of the money escalated and resulted in appellant hitting, kicking, and slapping the complainant. The complainant testified that appellant bent her finger back and tried to break it. He began throwing things at her and she also threw things back at him. Appellant hit her in the back of the head, slapped her left cheek, and kicked her knee and buttocks. Appellant threatened to cut the throat of the complainant's puppy.

As appellant was leaving he slipped on the steps and hit his head on a ceramic garden ornament. The complainant went to the home of Shawne Weibye, a neighbor, and called the police. When the complainant first called, she told the 911 operator that it was not an emergency because appellant was leaving. Appellant then turned around and began "screaming, cussing calling [the complainant] names, hollering." The complainant was still on the phone with the 911 operator and told her what had happened. At the end of the 911 call, the complainant told the operator, "It's okay. I got this. If I need you, I'll call you." The complainant explained at trial that she told the 911 operator she was okay because she was afraid of appellant.

Limestone County Deputy Scott Curry responded to the 911 dispatch about a

2

physical assault at the Shady Grove trailer park. When Curry and two other deputies arrived, they saw the suspect in a clearing behind the trailer park. The suspect identified himself as appellant, Dennis Brasher. Appellant told the officers he was carrying a pocketknife, which they recovered from him. As Curry was placing appellant in the patrol car, he noticed matted blood on the back of appellant's head. Curry and Deputy Jeremy Coslin went to the home where the call had originated. They identified the complainant as Bettie JoHanna Thompson and identified three witnesses, Tammy Schuett, Linda Ferrill, and Shawne Weibye. When Curry arrived at the scene, it appeared that several belongings from inside the home had been "kind of strung out through the yard."

Curry took a statement from the complainant and Coslin took photographs of the complainant. The photographs revealed a bruise on her left arm, a small laceration to her left pinky knuckle, and redness on her left cheek, which were consistent with the statement the complainant gave. Curry was unable to take statements from the witnesses because "[t]hey were terrified of Mr. Brasher." After appellant was placed in Coslin's patrol car he became agitated and was thrashing about and yelling at the complainant. At that time, Corporal Shane James of the Limestone County Sheriff's Office instructed Coslin to transport appellant to the county jail.

Sometime later, appellant and the complainant reconciled, and the complainant told appellant she wanted to drop the charge of assault. Appellant's attorney contacted the complainant and asked whether she intended to drop the charge. Appellant's attorney brought an affidavit of non-prosecution to the complainant's house and asked her to sign it. The affidavit contained a sentence stating, "I do not want Dennis Ray Brasher to be further prosecuted, and it is my request that the prosecution be dismissed." The complainant testified at trial that

3

she read the document before signing it, and she did not remember seeing the statement of non-prosecution at the time she signed it. The complainant testified she did not want to drop the charge, but she expressed a desire to drop the charge because she was afraid of appellant.

Shawne Weibye testified that she saw appellant hold the complainant's puppy by its neck and threaten to cut the puppy's throat. Weibye also heard appellant threaten to tie the complainant to the bed and burn the trailer, then saw him light a curtain on fire with a cigarette lighter.[2] Weibye also saw appellant hit the complainant in the head three or four times, and saw him kick her legs. She did not give a statement to police because she was afraid of appellant.

The complainant's daughter, Brooke Thompson, testified that she saw appellant hit the complainant in the face. She attempted to physically restrain appellant and prevent him from hitting the complainant again. Appellant turned and hit Thompson on the chin. Thompson also saw appellant fall down the stairs as he left the house. When Thompson spoke with police on the day of the offense, she told them that appellant had not hit her mother. She testified that she lied to the police because she was afraid of appellant.

Appellant stipulated that he was convicted of a prior assault of a family or household member as alleged in the indictment.

## DISCUSSION

### I. Sufficiency of the Evidence

In his first issue appellant argues the evidence is insufficient to prove he assaulted the complainant.

When reviewing the sufficiency of the evidence, we view all of the evidence

---

[2] The complainant extinguished the fire before it spread beyond the curtain.

4

in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

The jury alone decides whether to believe testimony, and the jury resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Likewise, the jury weighs the evidence, and it may find guilt without physical evidence linking the accused to the crime. *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Inconsistencies in witness testimony do not render the evidence insufficient. *Romero v. State*, 406 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2013, pet. stricken).

Appellant was indicted for "intentionally, knowingly, or recklessly caus[ing] bodily injury to Bettie Thompson, a member of the Defendant's family or a member of the Defendant's household or a person with whom the Defendant had a dating relationship, as described by Section 71.003 or 71.005 or 71.002(b), Family Code, by striking or kicking or hitting or slapping or pushing Bettie Thompson, and before the commission of the offense, the Defendant had previously been convicted of an offense under Chapter 22, Penal Code, against a member of the Defendant's family or household[.]" *See* Tex. Penal Code. § 22.01(a)(1).

Appellant argues that when the conflicts in the testimony "are laid against

5

the backdrop of the 9-1-1 recording, the photographic evidence and [the complainant]'s affidavit of non-prosecution, the Court must conclude that no rational juror could have found the evidence sufficient beyond a reasonable doubt to support the allegations."

### 911 Call

Appellant argues that the complainant's statement to the 911 operator that "It's okay," conflicts with her testimony that appellant assaulted her. Although the complainant told the 911 operator she was okay, she testified she only did so after she thought appellant had left the premises. The 911 call admitted into evidence reflects that the 911 operator returned the call and the complainant reported that appellant had assaulted her, had tried to "slice" her dog, hit her, and hit her daughter. The complainant requested police officers to come to the trailer park.

### Photographs

Appellant argues that the photographic evidence shows a "yellowed" bruise, which could have been "a day or two old." Appellant argues the photographs either depict old injuries or injuries for which appellant was not charged. The complainant testified that appellant hit her head, slapped her left cheek, and kicked her knee and buttocks. Appellant was charged with assault by "striking or kicking or hitting or slapping or pushing" the complainant. The photographs admitted into evidence reveal two bruises on the complainant's left arm, a laceration on the pinky finger of her left hand, an abrasion on her right knee, and an abrasion on her left cheek. The photographic evidence is consistent with the complainant's testimony. There was no medical testimony admitted as to the age of the bruises.

The jury had the opportunity to review the photographs of the complainant's bruises and lacerations. The jury could have viewed the photographs and inferred

6

from the evidence at trial that the bruises and lacerations were a result of appellant's assault of the complainant.

### *Affidavit of Non-Prosecution*

The complainant testified that she expressed a desire to drop the charge of assault because she was afraid of appellant. She testified that she read the affidavit appellant's attorney asked her to sign and that at the time she signed it, she did not remember that it contained language of non-prosecution. The jury was free to believe the complainant's testimony that she did not remember seeing the non-prosecution language, and that if she expressed a desire not to prosecute appellant, it was out of fear.

### *Conflicting Testimony and Statements of Witnesses*

Appellant further argues that the conflicts among the witnesses' testimony, the statements they previously made, and the physical evidence is so great that no rational juror could have found the elements of the offense beyond a reasonable doubt. Each witness testified, however, that to the extent their testimony conflicted with statements given at the scene of the offense, it was because they were afraid of appellant and afraid to speak out against him in his presence.

Reviewing all the evidence in the light most favorable to the verdict, a rational jury could have determined beyond a reasonable doubt that appellant assaulted the complainant as charged in the indictment. We overrule appellant's first issue.

## II.    Reformation of the Judgment

In his second issue appellant contends the judgment incorrectly recites that appellant pleaded guilty to the offense charged. Appellant is correct in that the record reflects appellant pleaded not guilty. We sustain appellant's second issue

and modify the trial court's judgment to reflect that he pleaded not guilty to the charged offense. *See* Tex. R. App. P. 43.2(b).

## CONCLUSION

Having sustained appellant's second issue, we modify the judgment to reflect that appellant pleaded not guilty to the charge offense. Having found no reversible error otherwise, we affirm the judgment as modified.

/s/ Marc W. Brown
   Justice

Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).