**Affirmed and Memorandum Opinion filed June 26, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00799-CR

---

### JEROME MARCELAS COOPER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1368272**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jerome Marcelas Cooper challenges his conviction for unlawful possession of a weapon by a felon. In a single issue, he argues that the evidence is insufficient to support his conviction. Finding the evidence sufficient to support appellant's conviction, we affirm.

### BACKGROUND

On November 16, 2012, appellant was arrested for the offense of unlawful

possession of a weapon by a felon. On that day, appellant was angry with his former girlfriend, Megan Ward, because appellant believed Ward owed him money. Ward lived next door to Eric Gamboa. Appellant asked his roommate, Patrick Schexnayder, to drive him to Ward's home. When they arrived, Ward did not answer the door. Appellant became very angry and, in an attempt to emphasize his anger, pulled up his shirt and showed Gamboa the wooden handle of a gun tucked into his waistband. Gamboa called the police and reported appellant's actions.

Deputy Billingsley of the Harris County Sheriff's Office testified that he was dispatched to a call in which a weapon was involved. When Billingsley arrived at the scene, Gamboa told Billingsley he had seen appellant with a gun. Billingsley determined that appellant was a felon and instructed Gamboa to contact appellant and ask him to return to the scene.

When appellant returned, he was sitting in the front passenger seat of a vehicle being driven by Schexnayder. Billingsley observed appellant bend down as if to hide something under the passenger seat. Billingsley approached the vehicle on foot with his weapon drawn. Appellant exited the vehicle with his hands in the air and complied when Billingsley told him to lie down on the ground. Billingsley searched the vehicle and found a gun hidden under the passenger seat.

Schexnayder testified that when appellant saw Billingsley, appellant pulled a gun out of his pocket, or "wherever he had it," stepped out of the car, and threw the gun under the seat, "all [in] one big motion." When questioned by Billingsley at the scene, Schexnayder told Billingsley there was a gun in the car.

Appellant stipulated to his March 3, 2005 felony conviction for possession of a controlled substance. Appellant testified that on November 16, 2012, he went to Ward's house, knocked on the door and the window, but she did not answer.

2

Appellant told Gamboa that he was upset with Ward, but denied carrying a gun to her house. Appellant denied riding in the front passenger seat of Schexnayder's car and claimed he was sitting in the back seat, while Schexnayder's girlfriend was in the front passenger seat.

Appellant was convicted of unlawful possession of a weapon by a felon. After appellant pleaded true to two enhancement paragraphs, the trial court assessed punishment at 35 years in prison. In a single issue, appellant argues the evidence is insufficient to support the conviction.

## ANALYSIS

### I. Standard of review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In making this review, an appellate court considers all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).

We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *Romero v. State*, 406 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2013, pet. stricken). We defer to the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *Id*. The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Id*. In conducting a sufficiency review, we do not engage in a second evaluation of the

3

weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

## II. Applicable law

To establish unlawful possession of a weapon by a felon, the State must show that the accused was previously convicted of a felony offense and possessed a weapon after the conviction and before the fifth anniversary of his release from confinement or from community supervision, parole, or mandatory supervision, whichever date is later. *See* Tex. Penal Code Ann. § 46.04(a)(1) (West 2011). Appellant does not challenge the fact that this offense occurred before the fifth anniversary of his release from confinement or from community supervision, parole, or mandatory supervision. Appellant argues instead that the evidence is insufficient to show possession.

Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *See* Tex. Penal Code Ann. § 6.01(b) (West 2011). If the weapon is not found on the defendant or is not in his exclusive possession, the evidence must affirmatively link him to the weapon. *James v. State*, 264 S.W.3d 215, 218–19 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). The State may establish possession by proving links demonstrating that the defendant "was conscious of his connection with the weapon and knew what it was." *Id.* at 219. This rule protects the innocent bystander—such as a relative, friend, or even stranger to the actual possessor—from conviction merely because of his fortuitous proximity to a weapon belonging to someone else. *See Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006).

Among the possible factors that we may consider to decide whether there is

4

a link between the defendant and the weapon are whether: (1) the weapon was in plain view; (2) the defendant was the owner of the vehicle in which the weapon was found; (3) the weapon was conveniently accessible to the defendant; (4) the weapon was found on the same side of the vehicle as the defendant; (5) conduct by the defendant indicated a consciousness of guilt; (6) the defendant had a special connection or relationship to the weapon; (7) the place where the weapon was found was enclosed; and (8) affirmative statements connect the defendant to the weapon, including incriminating statements made by the defendant when arrested. *See Williams v. State*, 313 S.W.3d 393, 397–98 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *see also Brown v. State*, No. 14-12-01035-CR; 2013 WL 6237341 (Tex. App.—Houston [14th Dist.] Dec. 3, 2013, pet. ref'd) (mem. op., not designated for publication) (finding sufficient evidence to support conviction when weapon found in residence over which appellant had control, was the only occupant at the time the weapon was found, and weapon was fully loaded and recovered in an attic located directly above the hallway where appellant was apprehended). "It is not the number of links that is dispositive, but rather the logical force of all of the evidence, direct or circumstantial." *Williams*, 313 S.W.3d at 398.

## III.   Sufficient evidence supports appellant's conviction.

Appellant contends the evidence is insufficient to support his conviction because Gamboa did not see a gun in his hands, Billingsley did not see appellant put the gun under the passenger seat of the car, and appellant was seated in the back seat of the car, not the front passenger seat. We disagree.

Billingsley and Schexnayder testified that appellant was seated in the front passenger seat and the weapon was on the same side of the vehicle and under the front passenger seat, easily accessible to appellant but not in plain view.

Appellant's conduct in attempting to hide the weapon indicated a consciousness of guilt. It does not appear appellant had a special connection to the weapon other than the fact that Gamboa observed appellant carrying the same weapon. Appellant did not own the car in which the weapon was found, nor did he make incriminating statements at the time of the arrest.

Appellant testified that he was not seated in the passenger seat. But Schexnayder and Billingsley testified they saw appellant in the front passenger seat. To the extent the testimony is inconsistent, the jury as the trier of fact had the ultimate authority to determine the credibility of witnesses and the weight to be given to their testimony. *See* Tex. Code Crim. Proc. art. 38.04; *Lancon v. State*, 253 S.W.3d 699, 705–07 (Tex. Crim. App. 2008); *Garcia v. State*, 919 S.W.2d 370, 382 n. 6 (Tex. Crim. App. 1996). Any inconsistencies in the testimony should be resolved in favor of the jury's verdict in a legal-sufficiency review. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988); *Draper v. State*, 335 S.W.3d 412, 415 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Therefore, we resolve the conflict in the testimony about where appellant was sitting in favor of the jury's verdict.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that appellant knowingly possessed the weapon. The logical force of the evidence supports links connecting appellant to the weapon found in the vehicle. Gamboa testified that appellant showed him the handle of a gun, and at trial Gamboa identified the weapon taken from the car as the gun he had seen tucked into appellant's pants. Schexnayder and Billingsley both saw appellant attempt to hide the weapon when police approached, and Billingsley found the loaded weapon under the seat where appellant had been sitting.

6

When viewed in the context of all of the evidence, these facts support the jury's finding that appellant knowingly possessed the weapon. Thus, the evidence is sufficient to prove that appellant knew of, and exercised control over, the weapon. *See James*, 264 S.W.3d at 219–21 (evidence was legally sufficient to support conviction for unlawful possession of a weapon even though no one saw appellant handle the weapon). We overrule appellant's sole issue and affirm the trial court's judgment.

/s/    J. Brett Busby
           Justice

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).