**Affirmed and Memorandum Opinion filed June 25, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00609-CR

**MATTHEW VINCENT WOODARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1366319**

## M E M O R A N D U M    O P I N I O N

A jury convicted Matthew Vincent Woodard of aggravated assault with a deadly weapon. Appellant pled true to an enhancement paragraph and the jury sentenced him to confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his sole issue, appellant claims the evidence was legally insufficient to support his conviction. Appellant asserts the State failed to prove that he was the person who shot the complainant, Veronda Bailey.

## EVIDENCE OF SHOOTER'S IDENTITY

Bailey testified that on the evening of October 14, 2012, she was at the apartment of a friend, Demetric Wheeler. A person Bailey knew by sight approached her. She identified appellant in court as that person. Appellant had a gun in his hands. Appellant demanded Bailey pay him $40 that he claimed she owed him for a gambling debt. Bailey refused to pay and appellant waived the gun in her face and pushed her against the bathroom wall. The gun went off and Bailey fell to the floor. Appellant and Bobby Anderson carried Bailey outside and left. The police arrived and Bailey was taken to the hospital in an ambulance. Bailey had surgery and spent several days in the hospital.

Demetric Wheeler testified to personally knowing appellant and identified him in court. According to Wheeler, appellant entered her apartment with a gun and said Bailey owed him $40. Appellant went into the bathroom where Bailey was and shot her. After appellant and Anderson took Bailey outside, Wheeler left and returned in time to see Bailey put in the ambulance.

Investigator Joseph Nguyen showed Bailey and Wheeler a photo and both identified appellant as the gunman.

## STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743,

746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *Romero v. State*, 406 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2013, pet. stricken). We defer to the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *Id.* The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Id.* In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

## ANALYSIS

Appellant argues the verdict was not rational because there were reasons to doubt the reliability of the testimony of Bailey and Wheeler. The jury heard all the evidence appellant refers to in his brief. The jury resolved any conflicts in the evidence against appellant. The jury weighed the evidence and the credibility of the witnesses and determined appellant was the shooter. It is not the role of this court to determine which evidence the jury should have believed. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984).

Appellant also questions whether eyewitness testimony, without more, can satisfy the State's burden of proof. "The testimony of a single eyewitness can be enough to support a conviction." *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).

We conclude that a rational finder of fact could have determined beyond a reasonable doubt that appellant was the person who shot Bailey. We overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Ken Wise
        Justice


Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

4