**Affirmed and Memorandum Opinion filed June 25, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00918-CR

**ERIC AYALA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1383068**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Eric Ayala of aggravated assault of a family member. The jury sentenced appellant to confinement for 99 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal.

In his sole issue on appeal, appellant claims the State failed to present sufficient evidence that he intended to commit aggravated assault. For the reasons stated below, we affirm.

## STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *Romero v. State*, 406 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2013, pet. stricken). We defer to the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *Id.* The jury alone resolves any conflicts in the evidence. *Id.* In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

A person commits the offense of assault if that person intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Penal Code Ann. § 22.01(a)(1) (West 2011). The offense becomes aggravated assault if the person committing the assault uses a deadly weapon during the commission of the offense. *Id.* § 22.02(a)(2) (West 2011). A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *Id.* § 1.07(a)(17) (West 2011).

2

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a) (West 2011). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist or when he is aware that his conduct is reasonably certain to cause the result. Tex. Penal Code Ann. § 6.03(b). (West 2011). Proof of a culpable mental state almost invariably depends upon circumstantial evidence. *Gant v. State*, 278 S.W.3d 836, 839 (Tex. App.—Houston [14th Dist.] 2009, no pet.). A jury can infer knowledge from all the circumstances, including the acts, conduct, and remarks of the accused and the surrounding circumstances. *Id.* Intent may be proved by any facts that tend to prove its existence or through circumstantial evidence surrounding the crime. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). The jury may infer intent from the acts, words, and conduct of the defendant; from the method used to commit the crime; and from the nature of the wounds inflicted on the victim. *Id.*

### RELEVANT EVIDENCE

Appellant had a past dating relationship with the complainant and he is the father of her three children. The record reflects the complainant was at her parents' home when appellant climbed over the fence and attempted to enter through the back door. The complainant screamed and appellant backed away. The window glass shattered and appellant dove through the window. The complainant was sitting on the couch and appellant came straight towards her and grabbed her hard by the shoulders. He pulled out a knife that he had taken from the kitchen and repeatedly stabbed her. Appellant put his arm around the complainant and pulled her up towards the door to the garage. He kicked open the door to the garage and

3

stabbed the complainant again, in the back, in the garage. According to the complainant, appellant also stabbed himself in the garage. Appellant then opened the garage door and took the complainant to the driveway. Leroy Bill was working for a neighborhood security patrol company when he was flagged down by two men. As he approached the house he saw a man, whom he identified in court as appellant, stab a female twice. After Bill drew his weapon and commanded him to drop the knife, appellant stabbed himself in the stomach before falling on top of the female. The complainant's sister heard appellant say "they were going to go to heaven" and appellant was laughing. The complainant was stabbed a total of 36 times and sustained life-threatening injuries, including a punctured lung and internal bleeding. Dr. James Suliburk, a trauma surgeon, testified the knife used to stab the complainant qualified as a deadly weapon and could cause injury or death. He further testified that in this case it did cause serious bodily injury. Evidence was presented that appellant had assaulted the complainant in the past.

Appellant testified during the guilt-innocence phase of the trial that when he went to the complainant's house he was wondering if another guy was in the house with the complainant. He looked through the window and did not see anyone but did not leave. Appellant testified that it was not his intent to harm the complainant when he went to her house. He stated that, "I don't know what came through my head." According to appellant, when he jumped through the window he just wanted to talk to the complainant. Appellant testified that when he broke through the window it was not his intent to cause serious bodily harm or to stab the complainant. Appellant admitted to stabbing the complainant.

## ANALYSIS

The jury heard evidence that appellant jumped over a fence, banged on the door, and then jumped through a glass window. He took a knife from the kitchen

4

and attacked the complainant. Appellant stabbed her in the living room, pulled her into the garage and stabbed her again. Appellant opened the garage door and took the complainant onto the driveway where he continued to stab her. Appellant stabbed the complainant 36 times. Appellant testified that he went into the house to see if the complainant was with another man.

It was for the jury to evaluate the weight and credibility of appellant's testimony. *See Romero*, 406 S.W.3d at 697. Appellant's testimony that he did not intend to cause the complainant serious bodily injury does not render the evidence insufficient for a rational trier of fact to have found otherwise. From all the circumstances, including appellant's admission that he went to the complainant's house to see if she was with another man, broke into her home, and stabbed her in three separate locations a total of 36 times, we conclude the jury could infer appellant intended to cause the complainant serious bodily harm. Accordingly, we find a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Appellant's issue is overruled and the judgment of the trial court is affirmed.

/s/ Ken Wise
   Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

5