**Affirmed and Opinion filed January 28, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00114-CR

---

**ASHTIN LAWATHA JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1327274**

---

### O P I N I O N

Appellant Ashtin Johnson was convicted of capital murder and sentenced to imprisonment for life without the possibility of parole. Appellant now appeals his conviction, contending in a single issue that the evidence is legally insufficient to support his conviction. We disagree and affirm the trial court's judgment.

## BACKGROUND

Late on the night of October 16, 2011, appellant left his home with two men, Martez Levy and a man known as "Tray," and two women, Ceymone Anthony and Beonkay Kesee. They drove down Bissonnet Street to an area where appellant said there was a lot of prostitution, and Anthony and Kesee got out of the vehicle at an apartment complex. Ernesto Vasquez and Ben Hernandez were driving by some condominiums near Bissonnet Street so Vasquez could solicit a prostitute, and they encountered Anthony and Kesee. The women offered Vasquez sex in exchange for thirty dollars if he came to their apartment. They instructed him to pull into the parking lot of the condominiums and follow them.

While Vasquez parked, Kesee contacted Levy. Levy told appellant to come with him, and he and appellant walked down a breezeway between the condominiums towards the women. Appellant said Tray went to cover the back as he "was supposed to do." Vasquez met the women and started walking with them towards the apartments. Hernandez waited by the car.

Appellant and Levy each grabbed one of Vasquez's arms. Anthony and Kesee laughed as Levy pulled out a gun and struck Vasquez in the face. Levy yelled to appellant to get Hernandez, and appellant attempted to, but decided not to pursue him. Levy continued to strike Vasquez but he did not fall, so appellant grabbed him to wrestle him to the ground. Levy told appellant to check Vasquez's pockets. Vasquez reached into his pockets and gave appellant two ten dollar bills. Anthony and Kesee both insisted that Vasquez had more money, so appellant searched Vasquez's other pockets and took his wallet. When appellant looked through it, he only found "fake Mexican" money in it. Levy struck Vasquez again with the gun while he was on the ground and shot him in the head. Appellant left the scene with Levy and Tray. Anthony and Kesee kept calling Levy to pick them

up.  Appellant later gave Levy the wallet he had taken from Vasquez, and Levy told him that he would destroy it.

Appellant gave a statement to police admitting his presence at the time of the offense, but claimed that he did not know what was happening until after Vasquez was shot.  Appellant claimed he did not know Levy was going to rob the men until he struck Vasquez with the gun and told appellant to go through his pockets.  Appellant stated he felt threatened by Levy and had no choice but to comply with his orders.  Appellant admitted Levy had been bragging that he had a .45 but appellant contended he did not know Levy had the gun with him that night.

Appellant was indicted for capital murder.  The jury charge included the definition of the law of parties and specifically applied the law of parties in the application paragraph.  The jury found appellant guilty of capital murder and, in accordance with the jury's verdict, the trial court sentenced appellant to life without parole.

## ANALYSIS

### I.    Standard of review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt.  *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979)). In making this review, an appellate court considers all evidence in the record, whether it was admissible or inadmissible.  *Winfrey v. State,* 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (citing *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex. Crim. App. 1999)).

We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *Romero v. State,* 406 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2013, pet. struck). We defer to the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *Id.* The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Id.* Therefore, the testimony of a single eyewitness can be enough to support a conviction. *Id.* (citing *Aguilar v. State,* 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)). In addition, because it is the sole judge of the weight and credibility of the evidence, the jury may find guilt without physical evidence linking the accused to the crime. *Id.* In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State,* 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

## II.    Applicable law

A person commits capital murder if he intentionally causes the death of an individual in the course of committing or attempting to commit robbery. Tex. Penal Code Ann. §§ 19.02(b)(1), 19.03(a)(2) (West 2011 & Supp. 2013). A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(1)-(2) (West 2011). Theft is the unlawful appropriation of property with the intent to deprive the owner of the property. Tex. Penal Code Ann. § 31.03 (West Supp. 2013). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b)(1).

A person may be guilty as a party to capital murder if the defendant committed the offense by his own conduct or by the conduct of another for which he is criminally responsible. Tex. Penal Code Ann. § 7.01(a) (West 2011); *see Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012). "A person is criminally responsible for an offense committed by the conduct of another if: . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." Tex. Penal Code Ann. § 7.02(a)(2) (West 2011). "If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." Tex. Penal Code Ann. § 7.02(b) (West 2011).

Proof of a culpable mental state invariably depends on circumstantial evidence. *See Heckert v.* State, 612 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1981); *Martin v. State,* 246 S.W.3d 246, 263 (Tex. App.—Houston [14th Dist.] 2007, no pet.). A culpable mental state can be inferred from the acts, words, and conduct of the accused. *Martin*, 246 S.W.3d at 263.

We may look to events before, during, and after the commission of the offense to determine whether there is sufficient evidence that an individual is a party to an offense. *Gross*, 380 S.W.3d at 186. We may also consider circumstantial evidence. *Id.* "There must be sufficient evidence of an understanding and common design to commit the offense." *Id.* It is unnecessary that each fact point directly to the guilt of the defendant so long as the cumulative effect of the facts are sufficient to support the conviction under the law of parties.

5

*Id.* "However, mere presence of a person at the scene of a crime, or even flight from the scene, without more, is insufficient to support a conviction as a party to the offense." *Id.*

### III. Sufficient evidence supports appellant's conviction.

A person may be charged with an offense as a principal, a direct party, or a co-conspirator. *See* Tex. Penal Code §§ 7.01 (person is "criminally responsible" if offense is committed by his own conduct or by the "conduct of another for which he is criminally responsible"); 7.02(a)(2) (describing criminal responsibility for direct party); 7.02(b) (describing criminal responsibility for party as co-conspirator). Because the evidence offered at trial established Levy shot Vasquez, the issue is whether the evidence supports appellant's conviction as a direct party or co-conspirator. As explained below, we conclude the evidence is sufficient to support appellant's conviction as a co-conspirator under section 7.02(b) because the evidence supports a finding that appellant should have anticipated the possibility of a murder resulting from the course of committing robbery.

Section 7.02(b) is quoted above, and it frames our sufficiency inquiry in this case as follows: appellant is guilty of capital murder if (1) he was part of a conspiracy to rob Vasquez; (2) one of the conspirators murdered Vasquez; (3) the murder was in furtherance of the conspiracy; and (4) the murder should have been anticipated as a result of carrying out the conspiracy. *Hooper v. State*, 214 S.W.3d 9, 14 n.4 (Tex. Crim. App. 2007). Appellant challenges the first and fourth elements, but we conclude that sufficient evidence of those elements supports the jury's guilty verdict.

#### A. Evidence of a conspiracy

Appellant claims there is no evidence that he conspired with Levy to rob

Vasquez. Appellant points to his own statement, in which he claimed that he did not know Levy was going to rob Vasquez until Levy pulled out the gun and struck Vasquez. Appellant also claimed his actions were a result of his fear of Levy. Further, appellant relies upon the facts that he did not pursue Hernandez and money was left on the ground by Vasquez's body as evidence that he did not know Levy planned to rob Vasquez.

The evidence showed that after the two women determined Vasquez had money to pay for prostitution, Kesee contacted Levy. Anthony and Kesee then led Vasquez to a spot where Levy and appellant were waiting, while Tray stayed back with the car as appellant said he "was supposed to do." Levy and appellant each grabbed one of Vasquez's arms, and Levy struck Vasquez in the face with a gun. Levy told appellant to get Hernandez but when Vasquez failed to fall, appellant grabbed him and wrestled him to the ground. Levy told appellant to check Vasquez's pockets. After Vasquez gave appellant twenty dollars, appellant searched his pockets and took his wallet. When appellant found only "fake Mexican" money, Levy struck Vasquez again and shot him in the head. Appellant then left the scene with Levy and gave Vasquez's wallet to Levy.

Based on this evidence that appellant and his companions coordinated their movements throughout the offense, as well as appellant's remark about what one of his companions "was supposed to do," a rational jury could have found beyond a reasonable doubt a prior or contemporaneous plan to commit this robbery in which appellant participated. There was no evidence that appellant ever argued with or refused to follow Levy's directions. *See Thompson v. State*, 54 S.W.3d 88, 95 (Tex. App.—Tyler 2001, pet. ref'd) (holding evidence of conspiracy sufficient and noting lack of evidence "that any member of the group did anything but cooperate with the terms of the plan to commit robbery"). Although appellant said

7

he was afraid of Levy, there was no evidence presented, other than appellant's own statement, that supported his claim. Appellant asserted that he decided not to go after Hernandez, but a rational trier of fact could reasonably have found appellant could not go after Hernandez because he was busy subduing Vasquez. Appellant's own statement that he did not conspire to rob Vasquez does not render the evidence to the contrary insufficient. Accordingly, we hold there was sufficient evidence of appellant's involvement in a conspiracy to rob Vasquez.

### B. Evidence that the murder should have been anticipated

Appellant also asserts there is no evidence that he should reasonably have anticipated the possibility of a murder occurring in the course of the robbery because there is no evidence he knew or had reason to believe that Levy had a gun with him that night. Further, appellant claims there is no evidence that he had reason to believe Levy was a violent person or would commit murder.

"Knowledge of a co-conspirator's violent propensity or intent to commit aggravated assault is not an element of the offense under either theory of party liability, so the lack of evidence of such knowledge is not dispositive of sufficiency." *Hooper*, 214 S.W.3d at 14. Accordingly, appellant's purported lack of knowledge of Levy's violent nature or intent does not render the evidence insufficient. Moreover, appellant's claim that he had no reason to believe Levy was violent is contradicted by other evidence, including the coordinated use of force to subdue the complainant and appellant's statement that he feared Levy. *See Gonzalez v. State*, No. 13-10-00086-CR, 2012 WL 361733, at *4 (Tex. App.—Corpus Christi Feb. 2, 2012, pet. ref'd) (mem. op., not designated for publication) (holding defendant's participation in violent robbery and his fear of co-defendants, among other facts, provided sufficient evidence that murder should have been anticipated as result of robbery).

As to whether appellant was aware Levy had a gun, appellant admitted that he knew Levy had a .45 caliber silver gun. The evidence further demonstrates that appellant knew Levy had the gun with him, at the latest, when Levy used it to strike Vasquez—which was before appellant and his companions robbed Vasquez of his money. "Evidence that a defendant knew his co-conspirators might use guns in the course of the robbery can be sufficient to demonstrate that the defendant should have anticipated the possibility of murder occurring during the course of the robbery." *Love v. State*, 199 S.W.3d 447, 453 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *see also Nava v. State*, 379 S.W.3d 396, 406–09 (Tex. App.—Houston [14th Dist.] 2012) (holding evidence showed appellant knew gun was brought when co-conspirator removed something wrapped in white towel from truck during criminal transaction), *aff'd*, 2013 WL 6636809 (Tex. Crim. App. Dec. 18, 2013); *Turner v. State*, No. 01-11-00839-CR, __ S.W.3d __, 2013 WL 4520897, at *6–7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2013, no pet.) (holding evidence sufficient that appellant should have anticipated murder when he knew co-conspirator had a gun and appellant stated he first saw the gun on the night of the offense when co-conspirator showed it to victim).[1] We conclude the cumulative effect of the evidence of events before, during, and after the robbery would permit a rational trier of fact to conclude beyond a reasonable doubt that appellant should reasonably have anticipated the possibility of a murder occurring in the course of the robbery.

---

[1] *Cf. Tippitt v. State,* 41 S.W.3d 316 (Tex. App.—Fort Worth 2001, no pet.) (evidence insufficient to find murder should have been anticipated where there was no evidence defendant knew the shooter had a gun when they entered the complainant's home, and defendant was not in the room when the shooter pulled the gun and fired). *Tippitt*'s rejection of "inference stacking" was abrogated by *Hooper*, in which the Court of Criminal Appeals explained that juries are permitted to draw multiple reasonable inferences from the evidence, whether direct or circumstantial, but are not permitted to draw conclusions based on speculation. *Hooper*, 214 S.W.3d at 16.

Because the evidence demonstrates appellant conspired with Levy to rob Vasquez and that appellant should have anticipated the murder of Vasquez as a result of carrying out the robbery, a reasonable juror could have found appellant guilty of the offense as a conspirator. Accordingly, we overrule appellant's sole issue.

## CONCLUSION

Having overruled appellant's issue, we affirm the trial court's judgment.

/s/    J. Brett Busby
       Justice

Panel consists of Justices McCally, Busby, and Donovan.
Publish – Tex. R. App. P. 47.2(b).