**Affirmed and Memorandum Opinion filed April 2, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00084-CR

**RICKY MOLINA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1307050**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Ricky Molina of aggravated robbery with a deadly weapon. The jury sentenced appellant to confinement for sixteen years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

BACKGROUND

The complainant was parked at her apartment complex located at 2828 Hayes, in Houston, Harris County, Texas. Her car was running. She saw a man a few spaces down. A few minutes later, the man knocked on her window and told her to open the door. The man displayed a gun when the complainant failed to open the door. The complainant exited her car and the man drove off in it.

The complainant's car was found and appeared to have been intentionally set on fire. Jeff Brownson, an investigator with the Fort Bend County Fire Marshal's office, testified video surveillance showed Julio Hernandez started the fire and fled in a car registered to Carlos Molina, appellant's brother. Based on Carlos's statement, he and appellant were charged with arson. Brownson then handed the matter over to the Houston Police Department for its robbery investigation.

Detective Spivey of the Houston Police Department testified that she was given the names of Carlos Molina and appellant as possible suspects. Spivey determined that appellant was the more likely suspect and she prepared a spread containing his photograph. When shown the spread, the complainant chose appellant's photograph. The complainant also identified the appellant in court as the man who took her car at gunpoint.

Appellant was charged with aggravated robbery and convicted by a jury. In his appeal, appellant raises two issues. First, appellant claims the trial court erred in excluding evidence. Second, he argues the evidence was insufficient to support his conviction because it is based solely on an unreliable identification.

## EXCLUSION OF EVIDENCE

In his first issue, appellant claims the trial court erroneously excluded testimony from Detective Spivey regarding her knowledge of misidentifications in police

investigations. The State argues appellant failed to preserve any error by failing to make an offer of proof.

To preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an "offer of proof" which sets forth the substance of the proffered evidence. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009); Tex. R. Evid. 103(a)(2). *See also Watts v. State,* 371 S.W.3d 448, 464 (Tex. App.–Houston [14th Dist.] 2012, no pet.). Under Rule 103, a party may not predicate error on a ruling that excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by offer of proof or was apparent from the context of the questions asked. Tex. R. Evid. 103(a)(2).

The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. *Mays*, 285 S.W.3d at 890. A secondary purpose is to permit the trial court to reconsider its ruling in light of the actual evidence. *Id. See also Montgomery v. State*, 383 S.W.3d 722, 726 (Tex. App.– Houston [14th Dist.] 2012, no pet.). Absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review. *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999).

The record in this case does not indicate what the excluded testimony would have been. Accordingly, appellant has failed to present anything for our review on appeal. *See Montgomery,* 383 S.W.3d at 726–27. We overrule appellant's first issue.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant claims the evidence is insufficient to support the jury's verdict because it was based solely on the complainant's pretrial identification of him in a photo lineup that appellant contends was unreliable. The record reflects that no objection was made either when the photographic array was admitted into evidence or when the complainant identified appellant as the robber in court. Accordingly, any complaint regarding the admissibility of the identifications was waived. *See In re G.A.T.*, 16 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (finding the failure of the defendant to object in the trial court about the out-of-court identification procedure or the in-court identification waived any error). In reviewing the record in its entirety, we find that the evidence was sufficient to support the jury's verdict.

In reviewing the sufficiency of the evidence we are required to examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The record reflects the complainant testified she parked in front of the building and it was lit. She saw a man nearby, about two to three parking spaces away and there were no vehicles between them. The complainant testified that she could see him clearly. She identified appellant at trial as that man. About two minutes later, she saw appellant through her side mirror, crawling on the ground. All of a sudden, someone knocked on her driver's side window. Appellant said, "Open the door" and she said "no." Appellant then put a gun to the window and said, "Open the f***ing door or I will shoot you." The complainant unlocked the door, opened it, and said "Please don't shoot me, just please don't shoot." The complainant got out of the car, backing up, while appellant continued to hold the gun on her. Appellant said, "Give me your phone" and snatched it from her

4

hand. The complainant grabbed her dog and took off running. The complainant did not know in which direction appellant went, "but he reversed and drove away."

"We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence." *Johnson v. State*, 421 S.W.3d 893, 897 (Tex. App.—Houston [14th Dist.] 2014, no pet.). It is the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *Id*. A conviction may be based on the testimony of a single eyewitness. *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). "The jury alone decides whether to believe eyewitness testimony." *Id.* (citing *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998)). Because it is the sole judge of the weight and credibility of the evidence, the jury may find guilt without physical evidence linking the accused to the crime. *Johnson,* 421 S.W.3d at 896. In conducting a sufficiency review, we only ensure the jury reached a rational decision. *Id.* (citing *Young v. State*, 358 S.W.3d 790, 801 (Tex.App.—Houston [14th Dist.] 2012, pet. ref'd)).

The complainant's in-court testimony identifying appellant as the man who pointed a gun at her, threatened to shoot her, and took her car is evidence from which a rational trier of fact could find appellant committed aggravated robbery. Considering all the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to support the jury's verdict. Appellant's second issue is overruled and the judgment of the trial court is affirmed.


/s/    Marc W. Brown
       Justice


Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).