**Affirmed and Memorandum Opinion filed April 14, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00538-CR

### GREGORY GEORGE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 12-15747**

## M E M O R A N D U M   O P I N I O N

Appellant Gregory George appeals his conviction for capital murder. *See* Tex. Penal Code Ann. § 19.03 (West Supp. 2014). In two issues he contends the evidence is factually and legally insufficient to support his conviction, and the trial court erred in overruling his objections to the State's closing argument. We affirm.[1]

---

[1] Appellant initially appealed to the Ninth Court of Appeals. Pursuant to a docket equalization order, this appeal was transferred to this court. *See* Tex. Gov't Code Ann. § 73.001

## BACKGROUND

Jose Sanchez testified that on the day of the offense he was at the home of the complainant helping the complainant put shingles on his house. They put away their tools and sat down to drink a beer. As they were sitting in the backyard they saw an African-American male approach and ask for money. The complainant told the man they had no money, but offered him a beer. Sanchez described the man as having a beard and dreadlocks, and identified appellant as the man who approached and asked for money. Appellant declined the offer of a beer, and walked away.

Appellant returned later, did not speak with the complainant and Sanchez, but immediately shot them. Appellant shot Sanchez first; the bullet went through Sanchez' back and came out the front of his abdomen. Appellant also shot the complainant in the back. When the complainant fell to the ground, appellant walked toward the complainant's body, reached into his pants, and took the complainant's wallet. When appellant leaned over to take the complainant's wallet, his hat fell off and Sanchez saw appellant's face. Sanchez identified appellant as the person who shot him and the complainant.

Appellant tried to take Sanchez's wallet, and was pushing Sanchez trying to dig into his pocket when he heard police sirens. Sanchez threw his cell phone under a table to prevent appellant from taking it. Appellant put the gun to Sanchez's head, and pulled the trigger three times. The gun did not fire, but made a clicking sound. Appellant then ran away from the scene. The complainant died from the gunshot wounds.

Appellant's neighbor, who was sitting on her front porch on the night of the

---

(West 2013). We must decide the case in accordance with the precedent of the Ninth Court of Appeals in the event there is a conflict with precedent from this court. *See* Tex. R. App. P. 41.3.

offense, testified that she saw appellant walk by in front of her house. Later she heard gunshots and saw appellant running away.

An acquaintance of appellant testified that after appellant was arrested he admitted robbing the complainant, but claimed another man named Jacobe Bourgeois killed the complainant.

## SUFFICIENCY OF THE EVIDENCE

In his first issue appellant contends the evidence is both factually and legally insufficient to support the jury's verdict. The Texas Court of Criminal Appeals held that the *Jackson v. Virginia*, 443 U.S. 307 (1979), legal sufficiency standard is the only standard to evaluate the sufficiency of the evidence in a criminal case. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Accordingly, we review the sufficiency of the evidence in this case under the *Jackson v. Virginia* sufficiency standard. *Brooks*, 323 S.W.3d at 906; *Gross v. State*, 352 S.W.3d 238, 240 (Tex. App.—Houston [14th Dist.] 2011), *aff'd*, 380 S.W.3d 181 (Tex. Crim. App. 2012).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Palomo v. State*, 352 S .W.3d 87, 90 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Jackson*, 443 U.S. at 319, and *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010)). The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Johnson v. State*, 421 S.W.3d 893, 896 (Tex. App.— Houston [14th Dist.] 2014, no pet.). Therefore, the testimony of a single eyewitness can be enough to support a conviction. *Id*. In addition, because it is the sole judge of the weight and credibility of the evidence, the jury may find guilt

3

without physical evidence linking the accused to the crime. *Id.*

Appellant was charged with capital murder by committing murder in the course of committing aggravated robbery. A person commits the offense of capital murder if the person intentionally or knowingly causes the death of an individual in the course of committing or attempting to commit robbery. *See* Tex. Penal Code Ann. § 19.03(a)(2) (West Supp. 2014). A person commits aggravated robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, the person intentionally, knowingly, or recklessly (1) causes bodily injury to another; or (2) uses or exhibits a deadly weapon. *See* Tex. Penal Code Ann. § 29.02(a) (West 2011).

Specifically, appellant argues the evidence was insufficient to support a finding that appellant "committed the crime and that a theft or robbery took place." It appears appellant is challenging the eyewitness identification of him as the assailant, and the testimony that he robbed the complainant. The testimony of a single eyewitness alone is sufficient to support a felony conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Johnson*, 421 S.W.3d at 896. In this case, Sanchez positively identified appellant as the individual who shot him and robbed the complainant.

In his brief, appellant contends that any in-court identification was based upon improper and tainted photo lineups. The record reflects that Sanchez viewed two photo lineups after the shooting. The first lineup was presented to him while still in the hospital shortly after the shooting. Sanchez testified he was unable to identify anyone in that lineup due to the heavy pain medication he was taking. In the second photo lineup Sanchez identified appellant. Appellant's counsel cross-examined Sanchez about this lineup and asked him whether he "identified the black man in the center between the two whites[.]" The prosecutor objected to this

questioning because the photo lineup had not been admitted into evidence. Appellant's counsel continued to cross-examine Sanchez, pointing out that appellant did not have a beard at trial, and emphasizing that appellant's picture was the only picture in both lineups shown to Sanchez. Sanchez's identification, however, did not waiver under counsel's cross-examination. On appeal, appellant challenges the sufficiency of the evidence, but does not challenge the pretrial identification.

Appellant further contends there was no evidence of a robbery or theft. To the contrary, Sanchez testified that he observed appellant remove the complainant's wallet from the complainant's pants pocket after shooting the complainant. In addition, an acquaintance of appellant testified that appellant admitted to the theft, but denied the shooting.

Viewing the evidence in the light most favorable to the verdict, we conclude any rational fact finder could have found appellant guilty of capital murder beyond a reasonable doubt. *See Threadgill v. State*, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004) (eyewitness identification coupled with evidence that appellant fired deadly weapon at victim in backseat of car he was attempting to steal sufficient evidence to support conviction for capital murder). We overrule appellant's first issue.

## STATE'S CLOSING ARGUMENT

In his second issue appellant contends the trial court erred by "allowing certain arguments of the State's Attorney." Specifically, appellant complains of the following statements made during closing argument:

> The defense in this case and he puts the question to you and I encourage you to answer the question amongst yourselves, how sure do you want to be if you were charged with a crime? I implore you to answer that question to yourself. But the wisdom of Solomon requires you to ask that question another way. Flip that. What if you were the

5

victim? What if it was your father, your daughter, your son? Would you expect 12 complete strangers to hold the man accountable for this? And you-all told me during voir dire you would.

Defense makes — defense has the same subpoena power, the defense has the same ability to hire experts as the State of Texas.

[Defense counsel]: Your Honor, we're going to object to this line of argument in an attempt to shift the burden of proof and a comment on my client's 5th Amendment right.

THE COURT: The Court has plainly expressed in its charge what the burden of proof is. It always rests with the State of Texas and the instruction that the defense's decision not to testify cannot be used against him and I trust the jury is going to follow the instructions of the Court.

[Defense counsel]: Might we have a ruling on my objection?

THE COURT: Your objection is overruled, but the instructions have answered those issues plainly. Go ahead.

[Prosecutor]: The defense has subpoena power. They could have brought you an alibi witness if there was one. If the defendant's buddy, Reginald Keller, could have established an alibi —

[Defense counsel]: Your Honor, we're going to object to again trying to shift the burden of proof. We feel that that is improper argument.

THE COURT: The burden of proof shall not be shifted.

[Prosecutor]: It's not.

THE COURT: It's in the instructions, ladies and gentlemen. Overruled.

* * * * *

[By the prosecutor]: In addition, he goes into about the footprint and about what we did or didn't do. The defense didn't test any of the DNA itself. It could have.

[Defense counsel]: Your Honor, again, we're going to object. That is an intent to shift the burden of proof.

THE COURT: Overruled. The Court will expect the jury to follow the instructions that have been given to you in the jury charge.

6

On appeal, appellant complains that these arguments by the prosecutor improperly shifted the burden of proof to appellant by implying that appellant had a responsibility to produce witnesses and test evidence.

The four areas of permissible jury argument are (1) summations of the evidence, (2) reasonable deductions from the evidence, (3) responses to the defendant's argument and (4) pleas for law enforcement. *Rocha v. State*, 16 S.W.3d 1, 21 (Tex. Crim. App. 2000). A prosecutor may comment on the defendant's failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify. *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).

Appellant argued that he provided DNA samples, and the State tested the DNA, but the evidence did not reflect that appellant's DNA was found at the scene. Appellant's counsel further argued that he talked with people in the neighborhood, and that those people gave conflicting descriptions of the person who was seen running from the complainant's home. Appellant questioned the eyewitness identification of Sanchez and of the neighbor who saw appellant running away after hearing gunshots. In closing, the State argued that appellant could have subpoenaed those witnesses and could have tested the DNA. The State's comments were a proper response to appellant's argument. *See Jackson*, 17 S.W.3d at 674 (holding prosecutor's comments regarding defendant's failure to call defense experts challenging State's DNA evidence were rebuttal to defense counsel's argument attacking State's scientific evidence); *Corpus v. State*, 30 S.W.3d 35, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (holding State made proper argument regarding defendant's failure to call material witness and noting "State may comment on [defendant's] failure to call competent and material witnesses, and may also argue that the reason for such failure is that any such

testimony would be unfavorable to the accused"). The State's argument concerning appellant's ability to subpoena witnesses and test DNA was not improper as it did not directly comment on appellant's failure to testify. We overrule appellant's second issue.

We affirm the trial court's judgment.

/s/    Sharon McCally
Justice

Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).