PD-1485-15

PD-1485-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/16/2015 12:17:24 PM
Accepted 11/17/2015 1:47:42 PM
ABEL ACOSTA
CLERK

No. _____

_____

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

_____

GARY MARTINS
Defendant - Appellant

VS.

THE STATE OF TEXAS
Plaintiff – State

_____

Review Sought from the Court of Appeals
Cause No. 14-14-00688-CR

_____

Conviction in the 176th Judicial District Court
Harris County, Texas
Cause No. 1371501

_____

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**
_____

**ORAL ARGUMENT REQUESTED**

PENNY WYMYCZAK-WHITE
TBN 22100350
723 Main St. Ste. 808
Houston, Texas 77002
713/225-5296 (direct)
713/227-5290 (fax)
pennywhitetx@aol.com

FILED IN
COURT OF CRIMINAL APPEALS

November 17, 2015

ABEL ACOSTA, CLERK

ATTORNEY FOR APPELLANT

## IDENTITIES OF PARTIES AND COUNSEL

Appellant herein states that the names of all parties and counsel to this appeal are:

Presiding Judge:

The Honorable Stacey Bond

Representing the State:

Jamie Felicia (at trial)
Allen Curry (on appeal)
Harris County District Attorney's Office
1201 Franklin Street 5th Floor
Houston, Texas 77002

Representing Appellant:

Jerald K. Graber
917 Franklin, Suite 510
Houston, Texas 77002

Penny Wymwczak-White (on appeal)
Attorney at Law
723 Main St. Ste. 808
Houston, Texas 77002

The appellant:

Gary Martins

1

## TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ......................................................1

TABLE OF CONTENTS .................................................................................2

INDEX OF AUTHORITIES............................................................................3

STATEMENT REGARDING ORAL ARGUMENT ...........................................4

STATEMENT OF PROCEDURAL HISTORY .................................................4

GROUND FOR REVIEW................................................................................5

ARGUMENT ................................................................................................6

    Appellant's Sole Ground for Review: The Court of Appeals Erred in Finding the Evidence Sufficient to Support Appellant's Conviction for Aggravated Sexual Assault of a Child, Where the Evidence Failed to Show that Appellant Intentionally or Knowingly Engaged in the Alleged Conduct Against the Complainant. ...................................6

PRAYER FOR RELIEF...................................................................................8

CERTIFICATE OF SERVICE ........................................................................9

CERTIFICATE OF COMPLIANCE ................................................................9

APPENDIX ..................................................................................................10

    Opinion by Court of Appeals Dated October 15, 2015..........................10

# INDEX OF AUTHORITIES

## CASES

*Koah v. State,*
   604 S.W.2d 156 (Tex. Crim. App. 1980)..................................................................6

*Whatley v. State,*
   445 S.W.3d 159 (Tex. Crim. App. 2014)................................................................7

## STATUTES

Tex. Penal Code Ann. § 22.021(a)(1)(B) (West Supp. 2014). ..................................6

Tex. Penal Code Ann. § 6.03(a) (West 2011)...........................................................6

Tex. Penal Code Ann. § 6.03(b) (West 2011) ...........................................................6

## RULES

Tex. R. App. P. 66.3(b)..............................................................................................7
Tex. R. App. P. 66.3(d)..............................................................................................7

**STATEMENT REGARDING ORAL ARGUMENT**

This appeal presents novel issues of fact and law. Appellant believes that oral argument will assist the Court in reach a fair and just decision.

**STATEMENT OF THE CASE**

This appeal lies from Appellant's jury trial and felony conviction.

**STATEMENT OF PROCEDURAL HISTORY**

Appellant was charged with aggravated sexual assault of a child, alleged to have occurred on September 7, 2012. (C.R. 21). Trial before a jury commenced on August 13, 2014. (C.R. 183). Appellant entered a plea of not guilty. (C.R. 183). The jury was authorized to convict Appellant for aggravated sexual assault of a child, or indecency with a child. (C.R. 91). The jury found Appellant guilty of aggravated sexual assault of a child. (C.R. 98). The trial court assessed punishment at thirteen years confinement. (C.R. 102). Judgment was entered on August 15, 2014. (C.R. 102). No motion for new trial was filed. Notice of appeal was filed on August 15, 2014. (C.R. 105). The court of appeals affirmed Appellant's conviction on October 15, 2015, in a memorandum opinion. No motion for rehearing was filed.

## GROUND FOR REVIEW

**Appellant's Sole Ground for Review: The Court of Appeals Erred in Finding the Evidence Sufficient to Support Appellant's Conviction for Aggravated Sexual Assault of a Child, Where the Evidence Failed to Show that Appellant Intentionally or Knowingly Engaged in the Alleged Conduct Against the Complainant.**

## ARGUMENT

**Appellant's Sole Ground for Review: The Court of Appeals Erred in Finding the Evidence Sufficient to Support Appellant's Conviction for Aggravated Sexual Assault of a Child, Where the Evidence Failed to Show that Appellant Intentionally or Knowingly Engaged in the Alleged Conduct Against the Complainant.**

The indictment returned against Appellant alleged that he placed his finger in the female sexual organ of the complainant. (C.R. 21). The complainant testified that Appellant was asleep at the time of the alleged offense. (3 R.R. 153, 155). Her testimony is corroborated by Sandra Sanchez, the nurse who testified that the complainant reported to her that Appellant was asleep when he touched her. (3 R.R. 63). The fact that Appellant was asleep was further shown by his wife, Jeanette Martins, who stated that Appellant appeared to be sleeping when she entered the master bedroom. (2 R.R. 152).

The State was required to prove that Appellant acted intentionally or knowingly in placing his finger in the sexual organ of the complainant. Tex. Penal Code Ann. § 22.021(a)(1)(B) (West Supp. 2014). A person acts intentionally with respect to the nature of his conduct when it is his *conscious* objective to engage in the conduct. Tex. Penal Code Ann. § 6.03(a) (West 2011); *Koah v. State*, 604 S.W.2d 156, 160 n.1 (Tex. Crim. App. 1980). A person acts knowingly with respect to the nature of his conduct when *he is aware* of the nature of his conduct. Tex. Penal Code Ann. § 6.03(b) (West 2011); *Koah v. State*, 604 S.W.2d at 160

n.1. It stands to reason that if Appellant was asleep at the time of the alleged conduct, he could not have acted intentionally or knowingly within the meaning of the Penal Code.

This Court should grant this petition on the grounds that the Court of Appeals has decided an important question of state law. Tex. R. App. P. 66.3(b). In addition, this Court should grant this petition on the grounds that the Court of Appeals appears to have misconstrued a statute. Rule 66.3(d). This Court should decide whether the undisputed evidence that Appellant was acting in his sleep would allow a rational trier of fact to have found beyond a reasonable that he acted intentionally or knowingly.

The court of appeals relied on this Court's decision in *Whatley v. State*, 445 S.W.3d 159, 166-67 (Tex. Crim. App. 2014), which upheld an aggravated sexual assault conviction despite evidence that the defendant was sound asleep during the commission of the alleged underlying conduct. However, the issue in *Whatley* was framed in terms of whether the defendant had acted *voluntarily*. 445 S.W.3d at 160, 167. This Court even noted that "[t]his is a distinct inquiry from the knowing or intentional *mens rea* requirement established by the provisions of § 22.021(a)(1)(B)." 445 S.W.3d at 166. This Court should grant this petition, and decide whether *Whatley* is controlling precedent in Appellant's appeal.

## PRAYER FOR RELIEF

Appellant prays this Honorable Court to grant this petition, and to summarily reverse the judgment of the court of appeals and to enter a judgment of acquittal. In the alternative, Petitioner prays this Court to grant this petition and order full briefs filed on the merits.

Respectfully submitted,

*Penny Wymyczak-White*
PENNY WYMYCZAK-WHITE
TBN 22100350
723 Main St. Ste. 808
Houston, Texas 77002
713/225-5296 (direct)
713/227-5290 (fax)
pennywhitetx@aol.com

ATTORNEY FOR APPELLANT

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2015, a true and correct copy of the forgoing motion for substitution of counsel was served by fax and email to Alan Curry, (713) 755-5809 (F), Alan.Curry@dao.hc.tx, and to the State's Prosecuting Attorney, (512) 463-5724 (F), information@spa.texas.gov.

*Penny Wymyczak-White*
PENNY WYMYCZAK-WHITE

## CERTIFICATE OF COMPLIANCE

I hereby certify that under the provisions and restrictions of Rules 9.4(i)(1) & 9.4(i)(2)(D), Texas Rules of Appellate Procedure, the foregoing petition for discretionary review consists of 508 words.

*Penny Wymyczak-White*
PENNY WYMYCZAK-WHITE

9

# APPENDIX

## Opinion by Court of Appeals Dated October 15, 2015



In The

# Fourteenth Court of Appeals

### NO. 14-14-00688-CR

### GARY MARTINS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1371501**

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Gary Martins of aggravated sexual assault of a child.[1] The jury sentenced appellant to confinement for thirteen years in the Institutional Division of the Texas Department of Criminal Justice. In one issue, appellant argues that the evidence to support his conviction is legally insufficient. We affirm.

### Factual and Procedural Background

On September 7, 2012, appellant's wife, Jenetta Martins, arrived home to a quiet and dark townhouse. Jenetta testified that when she walked towards her bedroom, she

---

[1] Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West 2011).

felt "sick, like something was wrong." The home was dark and the television was turned off. This was unusual because appellant routinely fell asleep on the couch while watching television. Earlier that night, Jenetta had placed J.S., her eight-year-old niece, in the master bedroom to sleep. When Jenetta walked into the bedroom, she saw appellant and J.S. lying next to each other in the bed. Both appeared to be asleep. Jenetta woke J.S. and carried her to the living room, where she noticed that her shorts were folded down in the back. Jenetta asked J.S. if appellant had touched her. J.S. said no. Jenetta asked J.S. again if appellant had touched her. J.S. asked if Jenetta would be mad at her and whether Jenetta would tell appellant what J.S. said next. Jenetta responded that she would not. J.S. then told Jenetta that appellant had touched her. J.S. indicated that appellant rubbed her buttocks and then demonstrated with her finger how appellant touched her between her legs and moved his finger back and forth.

J.S. testified at trial that appellant placed his hand in her underwear, put his finger in her "pee side," and moved it back and forth. J.S. also testified that she told appellant to stop several times because he was hurting her, but that he did not listen to her "because he was sleeping and couldn't stop when [she] told him to." J.S. demonstrated for the jury where appellant had touched her on a doll. The location that J.S. indicated corresponded with the female sexual organ.

After J.S. made her outcry to Jenetta, she was taken to the hospital for an exam by a forensic nurse. The nurse, Sandra Sanchez, testified at trial that, during the exam, she found a 0.4 centimeter by 0.2 centimeter bruise on J.S.'s hymen. A photo depicting the bruise was entered into evidence. As part of the exam, J.S's underwear was collected as evidence and tested by personnel at the Harris County Institute of Forensic Science. A stain on the underwear returned a presumptive positive for blood. Male DNA detected inside the underwear was consistent with appellant's DNA profile. Two weeks after the assault, Lisa Holcomb, a forensic interviewer at the Children's Assessment Center in

Houston, interviewed J.S.  Holcomb testified at trial that J.S. disclosed the same abuse to her during the interview.

The jury convicted appellant of aggravated sexual assault of a child.  Appellant's sole argument on appeal is that the evidence presented at trial was insufficient to support his conviction because the State failed to prove that he acted intentionally or knowingly in penetrating the female sexual organ of J.S.

**Analysis**

In reviewing the legal sufficiency of the evidence, we must consider "all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt."  *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011).  A person commits aggravated sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child by any means.  Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West 2011).  Appellant does not argue that he did not penetrate the female sexual organ of J.S.  Rather, he asserts that the evidence presented at trial was insufficient to show that he acted intentionally or knowingly.  A person acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result."  Tex. Penal Code Ann. § 6.03(a) (West 2011).  A person acts knowingly "when he is aware that his conduct is reasonably certain to cause the result."  *Id.* § 6.03(b).  Appellant claims that no rational jury could have found that he acted with either culpable mental state because the evidence at trial shows that he was asleep at the time that he penetrated the female sexual organ of J.S.

J.S. testified that she repeatedly told appellant to stop touching her, but that he continued without regard to her numerous protests.  J.S. testified that she believed that appellant was unable to stop because he was asleep.  Jenetta testified that appellant appeared to be sleeping when she entered the bedroom to find appellant and J.S. in bed

3

together after the assault occurred.  Appellant argues that these bits of testimony, taken together, render it impossible for a rational jury to conclude that he acted with the requisite state of mind for aggravated sexual assault.

The task of evaluating testimony and drawing reasonable inferences from the facts belongs exclusively to the jury.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  We do not substitute our judgment for the jury's when reviewing the evidentiary sufficiency of the verdict that they rendered.  *Johnson v. State*, 421 S.W.3d 893, 896 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  We only determine whether any rational trier of fact could have reached the same conclusion after hearing the evidence before them.  *Gear*, 340 S.W.3d at 746.

The jury weighed all of the evidence, forensic and non-forensic. From the evidence, the jury reasonably could have inferred that, in spite of the testimony of J.S. to the contrary, appellant was not actually asleep and acted either intentionally or knowingly in penetrating the female sexual organ of J.S.  J.S. was eight years old when appellant assaulted her and ten years old when she testified at trial.  The forensic examiner testified that J.S. also appeared to be developmentally delayed.  Both age and impaired development could have affected her ability to understand whether appellant was really unable to control his actions or whether he was just feigning sleep.  J.S. slept over at appellant's home often and had a close relationship with him and his wife. It is rational to infer that such a child would have honestly believed her own mistaken testimony and trusted that appellant was not acting intentionally to hurt her and was instead ignoring her protests because he was asleep. *See Whatley v. State*, 445 S.W.3d 159, 166–67  (Tex. Crim. App. 2014) (aggravated sexual assault conviction upheld despite child's forensic interview in which she seemed convinced that appellant, her stepfather, was asleep when he touched her).

The jury also considered forensic evidence that could have rationally supported a

4

finding of intentional or knowing action. J.S. suffered an injury to her hymen—one which the forensic nurse testified was uncommonly severe for the digital penetration that J.S. reported being victim to. An injury so deep within the female sexual organ could have given rise to a reasonable inference of intentional penetration by the appellant. Similarly, a rational jury could have reasonably inferred that appellant's actions were intentional or knowing after hearing that male DNA matching appellant's genetic profile was found inside the underwear of J.S.

Considering all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have convicted appellant on the evidence presented to the jury. Therefore, the evidence is legally sufficient to support appellant's conviction for aggravated sexual assault of a child. *Id.* at 167. Having overruled appellant's sole issue, we affirm the trial court's judgment.


/s/    Marc W. Brown
Justice



Panel consists of Justices Boyce, Busby, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

5