**Affirmed and Memorandum Opinion filed August 25, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00329-CR

---

## GREGORY LOUIS BRANHAM, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 70224**

---

## M E M O R A N D U M   O P I N I O N

Appellant Gregory Louis Branham appeals his murder conviction.  *See* Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2011).  Appellant contends the trial court erroneously included a jury charge instruction on law of parties because no evidence supports the submission of such an instruction.  We affirm.

BACKGROUND

A Pearland police officer was dispatched to check on an abandoned vehicle on November 14, 2012. Upon running the vehicle's registration and learning that the vehicle belonged to 82-year-old Dorothy Conrad, the officer called Conrad's residence but received no answer. The officer then went to Conrad's house to perform a welfare check and discovered Conrad's decomposing body. An autopsy determined that Conrad died from multiple stab wounds.

Investigators were dispatched to canvass Conrad's neighborhood. One of Conrad's neighbors told officers she saw two men driving Conrad's car on November 8, 2012. The neighbor saw the same two men return to the neighborhood on November 9 without the vehicle. During trial, the neighbor identified appellant as one of the men she saw. A Pearland resident later told police he saw two white males abandon Conrad's vehicle in the early afternoon of November 9.

Officers took DNA samples and fingerprint impressions from neighboring residents including appellant and another individual named James Krajnik. One investigator observed that appellant had a cut on his pinkie finger. Appellant said the cut resulted from chewing on his own finger. Appellant denied any knowledge of Conrad's murder.

Investigators searched Conrad's car and found a Jack in the Box receipt from approximately 3:00 p.m. on November 9, 2012. Investigators viewed video from the Jack in the Box drive-through at the time on the receipt and observed a vehicle matching Conrad's with two occupants. The driver was a tattooed white male who resembled Krajnik. Police then brought appellant in for questioning and attempted to locate Krajnik, who already had been arrested in Galveston County on

unrelated warrants. Krajnik subsequently was taken into custody in connection with Conrad's murder.

Appellant told investigators during an initial interview that he and Krajnik found Conrad dead when they entered Conrad's house through the window intending to take money and her car. Later in the interview, appellant said he heard Conrad "gasping for air" while he was in the house. Appellant stated that he and Krajnik drove around in Conrad's car before abandoning it in Pearland on November 9.

In a second custodial interview after appellant's arrest, appellant told police that he and Krajnik entered Conrad's house around 6:00 a.m. on November 8 or 9. Appellant said that, upon entering the house, he and Krajnik split up and Krajnik went toward Conrad's bedroom. Appellant contended that Krajnik killed Conrad. Appellant told police: "I wanted to leave, [because] at that point I knew that it was, you know, murder . . . ." Appellant said he and Krajnik took Conrad's car and left.

Appellant was indicted for Conrad's murder and tried in April 2015. During trial, appellant's trial counsel objected to the court's prepared charge as follows: "[T]he defense's sole objection to the charge is the language about the law of parties. We believe there's not been sufficient evidence presented by the [State] for the inclusion of the information in the jury charge and we request that it be deleted." The objection was overruled and the jury charge included an instruction on law of parties.

The jury found appellant guilty of Conrad's murder on April 7, 2015. After additional testimony, the jury assessed appellant's punishment at confinement for 82 years and a fine of $10,000. Appellant timely appealed.

ANALYSIS

A person commits murder if he "intentionally or knowingly causes the death of an individual." Tex. Penal Code Ann. § 19.02(b)(1). Additionally, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *See* Tex. Penal Code Ann. § 7.01(a) (Vernon 2011). Criminal responsibility for the conduct of another exists when the defendant, "acting with intent to promote or assist the commission of the offense . . . solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense . . . ." Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2011).[1]

The jury charge allowed the jury to convict appellant as a primary actor or as a party. When the defendant is not the primary actor, the State must prove (1) conduct constituting an offense; and (2) an act by the defendant done with the intent to promote or assist such conduct. *Beier v. State*, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985).

"In determining whether the accused participated as a party, the court may look to events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Id*. at 4. "Circumstantial evidence may be used to prove one is a party to an offense." *Id.* "Since an agreement between

---

[1] Appellant further contends that he "was harmed by a jury charge authorizing the jury to convict him on a theory not supported by the evidence or the indictment." If evidence has been presented at trial to support the law of parties theory, then the theory may be included in the charge even if the indictment alleges only that the appellant acted as a principal actor. *Ryser v. State*, 453 S.W.3d 17, 28 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *see In re State ex rel. Weeks*, 391 S.W.3d 117, 124 (Tex. Crim. App. 2013) (orig. proceeding) ("Regardless of whether it is pled in the charging instrument, liability as a party is an available legal theory if it is supported by the evidence."); *Marable v. State*, 85 S.W.3d 287, 288 (Tex. Crim. App. 2002) ("[I]t is well-settled that the law of parties need not be pled in the indictment.").

parties to act together in a common design can seldom be proved by words, the State often must rely on the actions of the parties, shown by direct or circumstantial evidence, to establish an understanding or a common design to commit the offense." *Miller v. State*, 83 S.W.3d 308, 314 (Tex. App.—Austin 2002, pet. ref'd). "[W]hile mere presence at the scene, or even flight, is not enough to sustain a conviction, such facts may be considered in determining whether an appellant was a party to the offense." *Id.* (citing *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g), and *Guillory v. State*, 877 S.W.2d 71, 74 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd)).

Appellant contends the State "failed to show evidence [that] [a]ppellant[,] acting with the intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid the co-defendant, Jimmy Krajnik." We disagree because evidence presented during trial allowed a reasonable jury to conclude that appellant was physically present during the offense and aided in its commission. *See Smith v. State*, No. 14-09-00030-CR, 2010 WL 4878847, at *6 (Tex. App.—Houston [14th Dist.] Nov. 30, 2010, pet. ref'd) (mem. op., not designated for publication).

Appellant admitted to his presence in Conrad's house, which was confirmed by DNA evidence. His DNA was found in Conrad's kitchen sink, on the kitchen counter, and on the sun visor of Conrad's car. Blood found in the kitchen sink was consistent with a mixture of appellant's blood and Conrad's blood; the likelihood that the DNA belonged to someone other than appellant was 1 in 55.5 quadrillion. Appellant was a probable major contributor to blood found on the kitchen counter; the probability that the DNA belonged to someone other than appellant was 1 in 6.6 quintillion. Krajnik was excluded as a possible contributor to the DNA found on Conrad's kitchen sink and counter. Appellant's DNA was consistent with blood

found on the sun visor of Conrad's car; the probability that it belonged to someone other than appellant was 1 in 6.6 quintillion.

The evidence also allowed a reasonable jury to conclude that appellant aided in Conrad's murder and did so intentionally. This evidence includes the following: (1) DNA evidence of appellant's blood mixed with Conrad's blood linking appellant to Conrad's injuries; (2) the cut on appellant's finger linking appellant to Conrad's stab injuries; (3) the theft of Conrad's car pointing to an effort to flee the scene and indicating consciousness of guilt; and (4) disposal of Conrad's car indicating attempt to cover up the crime. *See King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000) (en banc) ("[T]he State presented several items of evidence that connect appellant to Byrd's murder . . . this evidence was sufficient for a rational jury to find beyond a reasonable doubt that appellant aided or encouraged the commission of the crime.").

A rational jury could have concluded that there was an understanding and a common design to murder Conrad based on evidence that appellant continued to participate at the point he "knew that it was, you know, murder." *See Smith*, 2010 WL 4878847, at *6. The jury also could rely on evidence that appellant assisted in concealing Conrad's stolen car. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) ("Attempts to conceal incriminating evidence, inconsistent statements, and implausible explanations to police are probative of wrongful conduct and are also circumstances of guilt."); *see also Adams v. State*, 180 S.W.3d 386, 417 (Tex. App.—Corpus Christi 2005, no pet) ("Adams perpetuated a plan to conceal the crime by not disclosing to Officer Gallegos its occurrence or the assailant, although she had ample opportunity to do so.").

A jury reasonably could have concluded that the presence of appellant's blood at the crime scene mixed with Conrad's blood, in conjunction with his

actions in assisting Krajnik in entering the house and with the disposal of Conrad's car after the offense, constituted sufficient evidence to find that appellant was physically present during the offense and aided or encouraged the commission of the offense. *See King*, 29 S.W.3d at 565; *Adams*, 180 S.W.3d at 417-18; *Miller*, 83 S.W.3d at 315; *see also Smith*, 2010 WL 4878847, at *6. Each fact need not point directly to the guilt of the appellant, as long as the cumulative effect of all the incriminating facts are sufficient to support the conviction. *See Guevara*, 152 S.W.3d at 49; *Johnson v. State*, 421 S.W.3d 893, 897 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012)). Therefore, the trial court did not err by including the law of parties instruction in the jury charge. We overrule appellant's sole issue.[2]

Additionally, even if we assume that the evidence was insufficient to show appellant's guilt as a party to the murder and that the trial court therefore erred in submitting a law of parties instruction, any error is harmless when the evidence clearly supports appellant's guilt as a principal actor. *Nelson v. State*, 405 S.W.3d 113, 126 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Ladd v. State*, 3 S.W.3d 547, 564-65 (Tex. Crim. App. 1999)). Based on appellant's blood found at the scene mixed with Conrad's blood and the cut on appellant's finger — which the jury could have concluded he sustained while stabbing Conrad nine times — a jury reasonably could have concluded appellant was guilty as a principal actor. Accordingly, appellant was not harmed by the inclusion of a jury charge instruction on law of parties, because the evidence is sufficient to support appellant's conviction either as the primary actor or as a party. *See Nelson*, 405

---

[2] Because we conclude that the evidence is sufficient to support the inclusion of the law of parties in the jury charge, it is unnecessary to address appellant's complaint that the inclusion of an unsupported instruction on the law of parties deprived appellant of his right to unanimity in the jury verdict.

S.W.3d at 126; *see also Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) ("When the evidence is sufficient to support both primary and party theories of liability, the trial court does not err in submitting an instruction on the law of parties.").

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/    William J. Boyce
Justice

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).